IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRADY CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV847 |
| | ) | |
| JOHN O. CRAIG III, in his official | ) | |
| Capacity as a Superior Court Judge | ) | |
| of the State of North Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Beaty, Chief District Judge.

This matter is before the Court on a Motion to Dismiss [Document #4] by Defendant John O. Craig III ("Defendant" or "Judge Craig"), who is sued in his official Capacity as a Superior Court Judge of the State of North Carolina. In this lawsuit, Plaintiff Brady Campbell ("Plaintiff" or "Campbell") seeks an order from this Court ordering Judge Craig to reverse his prior decision in Plaintiff's state criminal proceeding. For the reasons discussed below, Defendant's Motion to Dismiss will be granted, and this case will be dismissed.

## I.    FACTUAL BACKGROUND

Based on the allegations in the Complaint in this case, Plaintiff was charged in August of 2001 with three counts of Assault on a Female, which allegedly occurred while Plaintiff was on duty as a member of the Asheboro Police Department. Plaintiff entered a plea of not guilty and was tried before the Randolph County District Court on November 26, 2001. At the conclusion

of the bench trial, Plaintiff was found guilty. The court suspended his sentence, and set no conditions other than not to be in contact with the alleged victims, as well as imposition of a $2,500.00 fine. Plaintiff appealed his conviction to the Randolph County Superior Court, and a jury trial was conducted in June of 2002. At the conclusion of the trial, the jury acquitted Plaintiff of one charge but was unable to reach a unanimous verdict with respect to the remaining two charges. Plaintiff's case was called again for trial on the remaining two charges in the Randolph County Superior Court on March 31, 2003, with the Honorable Judge Dennis Winner ("Judge Winner") presiding.

According to Plaintiff, after the first day of testimony, the attorneys for both sides attended a conference at the bench with Judge Winner. Plaintiff contends that Judge Winner "told the attorneys present that he would, upon a verdict of guilty by the jury, refrain from exercising his discretion to place [Plaintiff] on probation and would definitely sentence [Plaintiff] to active imprisonment." (See Complaint at ¶ 12.) Upon learning this information, Plaintiff elected to remand his case to the District Court of Randolph County and accept the guilty verdict imposed there in order to avoid the possible imposition of an active sentence.

On October 10, 2003, Plaintiff filed a Motion for Appropriate Relief ("MAR") in Randolph County Superior Court, contending that he was coerced by Judge Winner into remanding his case, resulting in an involuntary waiver of his right to a jury trial. In his MAR, Plaintiff requested that his Notice of Remand be stricken and that his appeal to Superior Court be reinstated. The MAR was reviewed by Superior Court Judge John O. Craig III, the

2

Defendant in the present case. Judge Craig denied the MAR without conducting an evidentiary hearing. Plaintiff petitioned the North Carolina Court of Appeals for certiorari review, and the Petition for Certiorari was denied by the North Carolina Court of Appeals on March 3, 2005.

Plaintiff subsequently filed the present lawsuit in this Court pursuant to 42 U.S.C. § 1983, contending that his constitutional jury trial rights were violated by Judge Winner. However, Plaintiff has not named Judge Winner as a Defendant or brought any claims against Judge Winner. Instead, Plaintiff has named only Judge Craig as a Defendant. In his request for relief, Plaintiff asks this Court to "[i]ssue an Order to [Judge Craig] directing that the Motion for appropriate relief be granted." (Complaint at ¶ 21(b).) According to Plaintiff's later filings, "plaintiff seeks prospective relief in this court, to wit an order from this court directing [Judge Craig] to grant the Motion for Appropriate Relief wherein plaintiff requested reinstatement of his appeal to Superior Court." (Response Brief at 2.) Thus, Plaintiff in this action asks this Court to order Judge Craig to reverse his decision on Plaintiff's MAR, even after the North Carolina Court of Appeals refused to hear Plaintiff's appeal of Judge Craig's decision. Plaintiff does not contend that Judge Craig's decision or the MAR process violated his constitutional rights; Plaintiff contends instead that Judge Winner violated his constitutional jury trial rights and that his MAR should therefore have been granted by Judge Craig. Judge Craig, the only Defendant in this suit, has moved to dismiss all of Plaintiff's claims, as discussed below.

II.     MOTION TO DISMISS

In his Motion to Dismiss, Defendant contends, among other things, that this Court lacks

subject matter jurisdiction over Plaintiff's claims under the "Rooker-Feldman doctrine." Because this contention relates to the threshold issue of whether this Court has subject matter jurisdiction in this case, in considering Defendant's Motion to Dismiss the Court will first consider the contours of the Rooker-Feldman doctrine and its application in the present case.

A.    The Rooker-Feldman Doctrine

It is well established that only the United States Supreme Court is vested with jurisdiction over appeals from final state court judgments, and "under what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 126 S. Ct. 1198, 1200-01, 163 L. Ed. 2d 1059 (2006). This rule is based on 28 U.S.C. § 1257, which states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States." 28 U.S.C. § 1257. Under this statute, jurisdiction to review a state court's judgment rests solely in the United States Supreme Court.

The Rooker-Feldman doctrine is named for two cases in which the Supreme Court applied this rule and found that a federal district court lacked jurisdiction to review a state court

4

decision. First, in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), "a party who had lost in the Indiana Supreme Court, and failed to obtain review in [the United States Supreme Court], filed an action in federal district court challenging the constitutionality of the state-court judgment. [The United States Supreme Court] viewed the action as tantamount to an appeal of the Indiana Supreme Court decision, over which only [the United States Supreme Court] had jurisdiction, and said that the 'aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.'" <u>Lance</u>, 126 S. Ct. at 1201 (quoting <u>Rooker</u>, 263 U.S. at 416, 44 S. Ct. at 150). The Supreme Court later applied this rule in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and held that "to the extent plaintiffs challenged the [District of Columbia Court of Appeals] decisions themselves . . . their sole avenue of review was with [the United States Supreme Court]." <u>Lance</u>, 126 S. Ct. at 1201 (citing <u>Feldman</u>, 460 U.S. at 476, 103 S. Ct. at 1311).

Following the Supreme Court's decision in <u>Feldman</u>, lower courts applied the doctrine expansively, often treating it as analogous to, or interchangeable with, preclusion principles. However, the Supreme Court revisited the <u>Rooker-Feldman</u> doctrine in <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), and held that the <u>Rooker-Feldman</u> doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil</u>, 544 U.S. at 284, 125 S. Ct. at 1521-22. The Supreme Court noted that the federal district courts

5

in the <u>Rooker</u> and <u>Feldman</u> cases lacked subject matter jurisdiction because "[i]n both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. Plaintiffs in both cases, alleging federal-question jurisdiction, called upon the District Court to overturn an injurious state-court judgment. Because [28 U.S.C. § 1257], as long interpreted, vests authority to review a state court's judgment solely in [the United States Supreme Court], the District Courts in <u>Rooker</u> and <u>Feldman</u> lacked subject-matter jurisdiction." <u>Exxon Mobil</u>, 544 U.S. at 291-292, 125 S. Ct. at 1526 (internal citations omitted). However, in other situations, such as cases involving parallel state and federal proceedings or a federal claim that does not directly challenge a state court judgment, federal district courts are not barred by <u>Rooker-Feldman</u> from exercising jurisdiction, but in those instances other doctrines such as abstention and preclusion could apply. <u>See</u> <u>Exxon Mobil</u>, 544 U.S. at 291-292, 125 S. Ct. at 1526. Thus, the Supreme Court in <u>Exxon Mobil</u> narrowed the scope of the <u>Rooker-Feldman</u> doctrine to only those cases involving a direct challenge to a state-court judgment, but the Supreme Court reaffirmed that federal district courts lack subject matter jurisdiction over complaints that invite "federal courts of first instance to review and reverse unfavorable state-court judgments." <u>Id.</u> at 283, 125 S. Ct. at 1521; <u>see also</u> <u>Davani v. Virginia Dep't of Transp.</u>, 434 F.3d 712, 718-19 (noting that "<u>Exxon</u> requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the <u>Rooker-Feldman</u> doctrine does not apply. . . . If, on the other hand,

6

he is challenging the state-court decision, the <u>Rooker-Feldman</u> doctrine applies"); <u>Adkins v. Rumsfeld</u>, 464 F.3d 456, 464 (4th Cir. 2006) (noting that the <u>Rooker-Feldman</u> doctrine does not bar an underlying constitutional challenge if the federal constitutional challenge "does not require scrutinizing and invalidating any individual state court judgment").

In applying this doctrine in the present case, the Court has considered the nature and timing of Plaintiff's Complaint, the party sued, and the relief sought to determine whether Plaintiff is directly challenging a state court judgment. In this regard, the Court notes first that Plaintiff filed his suit in this Court after Judge Craig denied his state court Motion for Appropriate Relief and the North Carolina Court of Appeals declined to grant certiorari. Therefore, as in <u>Rooker</u> and <u>Feldman</u>, Plaintiff was "the losing party in state court [who] filed suit in federal court after the state proceedings ended." <u>Exxon Mobil</u>, 544 U.S. at 291-292, 125 S. Ct. at 1526. In addition, with respect to the party sued and the relief sought, Plaintiff brings his § 1983 claims against Judge Craig, who denied Plaintiff's state court Motion for Appropriate Relief, and Plaintiff seeks from this Court an order requiring Judge Craig to reverse his prior decision and grant Plaintiff's MAR. As noted above, Plaintiff does not contend that the MAR proceedings violated his constitutional rights, just that the MAR should have been granted. Plaintiff's requested relief thus involves review and reversal of an unfavorable state-court judgment, which would require this Court's involvement in "scrutinizing and invalidating an[] individual state court judgment." <u>Adkins</u>, 464 F.3d at 464; <u>see also</u> <u>Exxon Mobil</u>, 544 U.S. at 283, 125 S. Ct. at 1521. Thus, as in <u>Rooker</u> and <u>Feldman</u>, Plaintiff is "complaining of an injury caused

7

by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil, 544 U.S. at 291-292, 125 S. Ct. at 1526.

Based on these considerations, the Court concludes that Plaintiff's Complaint is directly within the scope of the Rooker-Feldman doctrine, given the nature of Plaintiff's complaint, the relief sought, and the party sued. In this regard, it is apparent that Plaintiff is attempting to obtain appellate review of Judge Craig's decision in this Court. However, as discussed at length above, under 28 U.S.C. § 1257 and Rooker-Feldman, only the United States Supreme Court is empowered to exercise appellate review over a state court decision. As such, Plaintiff's sole avenue for review of Judge Craig's decision would have been to the United States Supreme Court, not this Court. Therefore, under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to review Plaintiff's claims.

B.      Plaintiff's Contentions Pursuant to 28 U.S.C. § 2254

Plaintiff nevertheless contends that despite the Rooker-Feldman doctrine, he is entitled to bring his claims under 42 U.S.C. § 1983 because he was unable to bring a habeas action under 28 U.S.C. § 2254. Under § 2254, an individual in custody pursuant to a state court judgment may bring a habeas corpus action in federal court on the ground that he is in custody in violation of the Constitution or laws of the United States. See 28 U.S.C. § 2254. However, because Plaintiff in the present case was never in state custody, he could not bring a § 2254 habeas action asserting the alleged deprivation of his right to a jury trial. Therefore, Plaintiff contends that because he was not able to pursue a § 2254 habeas action, then he must be able to bring the present § 1983

8

action as an alternative to a § 2254 habeas action.

However, in <u>Exxon-Mobile</u> the Supreme Court noted the intersection of the <u>Rooker-Feldman</u> doctrine and a § 2254 habeas action, and held that <u>Rooker-Feldman</u> precludes district court review of state court judgments except in circumstances where Congress explicitly "empower[s] district courts to oversee certain state-court judgments," such as federal habeas review under 28 U.S.C. § 2254. <u>Exxon Mobile</u>, 544 U.S. at 292 n.8, 125 S. Ct. at 1526 n.8; <u>see also</u> <u>Plyler v. Moore</u>, 129 F.3d 728, 733 (4th Cir. 1997) (noting that "the <u>Rooker-Feldman</u> doctrine bars subject-matter jurisdiction unless this action is one for habeas corpus relief"). Thus, § 2254, if available, would be an explicit exception to the <u>Rooker-Feldman</u> doctrine. Under this formulation, the appellate jurisdiction statute discussed above, 28 U.S.C. § 1257, as interpreted pursuant to the <u>Rooker-Feldman</u> doctrine, does not allow this Court to exercise appellate review of state court decisions except in limited circumstances, such as 28 U.S.C. § 2254, where Congress has authorized federal district courts to review state court judgments. However, where a case does not fall within § 2254 or some other specific Congressional authorization, the <u>Rooker-Feldman</u> doctrine would prohibit federal district court review of an unfavorable state court decision.

Plaintiff nevertheless contends that where federal habeas corpus pursuant to § 2254 is not available to address constitutional wrongs, § 1983 must be available, based on statements in concurring and dissenting opinions in <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). In <u>Spencer v. Kemna</u>, Justice Souter, in a concurrence joined by Justices O'Connor,

9

Ginsburg and Breyer, noted that an individual pursuing a § 1983 claim who was not "in custody" for purposes of § 2254 could bring a § 1983 claim without satisfying the "favorable termination" requirement of Heck v. Humphrey. In Heck, the Supreme Court had held that a prisoner may not bring a § 1983 action that would invalidate his conviction unless the conviction had been reversed on appeal or called into question by the issuance of a writ of habeas corpus in federal court. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). However, in Spencer, Justice Souter in his concurrence noted that "a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." Spencer, 523 U.S. at 21, 118 S. Ct. at 990 (Souter, J., concurring). Justice Stevens in a separate dissent in Spencer likewise agreed that "[g]iven the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under 42 U.S.C. § 1983." Spencer, 523 U.S. at 25 n. 8, 118 S. Ct. at 992 n. 8 (Stevens, J., dissenting).

Based upon these statements in a concurrence and a dissent in Spencer, Plaintiff argues that § 1983 must be available to him, since he did not have the opportunity to challenge his conviction in a § 2254 habeas action. However, Justice Souter's concurrence in Spencer relates only to the "favorable termination" requirement of Heck, and cannot, in this Court's view, be construed as creating subject matter jurisdiction that would not otherwise exist. That is, if this Court lacks subject matter jurisdiction to hear an appeal of a state court judgment, as outlined

10

above under 28 U.S.C. § 1257 and the Rooker-Feldman doctrine, nothing in Spencer can be read to create federal subject matter jurisdiction in such cases. Therefore, having considered Plaintiff's contentions, this Court concludes that nothing in the Supreme Court's decision in Spencer v. Kemna creates subject matter jurisdiction that would otherwise not exist under 28 U.S.C. § 1257.[1]

III.    CONCLUSION

In sum, in the present case, Plaintiff has brought this § 1983 suit against Judge Craig asking this Court to review Judge Craig's state court decision and order Judge Craig to reverse his state court judgment which denied Plaintiff's Motion for Appropriate Relief in Plaintiff's state criminal case. Under 28 U.S.C. § 1257 and the Rooker-Feldman doctrine, this Court lacks jurisdiction to review and reverse a state court decision as requested by Plaintiff, and the dicta in Spencer v. Kemna cited by Plaintiff does not address the Rooker-Feldman doctrine and does

---

[1] The Court notes that this result is consistent with the analogous determination by the Supreme Court in Allen v. McCurry that traditional principles of res judicata and estoppel apply in § 1983 actions and that "the traditional exception to res judicata for habeas corpus review provides no analogy to § 1983 cases, since that exception finds its source in the unique purpose of habeas corpus – to release the applicant for the writ from unlawful confinement." Allen v. McCurry, 449 U.S. 90, 98, 101 S. Ct. 411, 417, 66 L. Ed. 2d 308 (1980) (internal citation omitted). This Court also notes that to the extent Plaintiff's real complaint seems to be the unavailability of a § 2254 action in his case, the Supreme Court has held that "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist., 411 U.S. 345, 351, 93 S. Ct. 1571, 1574-75, 36 L. Ed. 2d 294 (1973).

11

not establish jurisdiction that would not otherwise exist.  Therefore, Defendant's Motion to Dismiss based on the <u>Rooker-Feldman</u> doctrine will be granted.[2]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Document #4] is GRANTED and this case will be dismissed.  An Order and Judgment dismissing this action will be entered contemporaneously herewith.

This, the 26th day of February, 2007.

United States District Judge

---

[2] Having so concluded, the Court need not reach Defendant's remaining contentions in his Motion to Dismiss, including Defendant's contentions that Plaintiff's claims are barred by judicial immunity, Eleventh Amendment immunity, the Full Faith and Credit Clause, and the lack of an actual case or controversy.  This Court likewise need not reach the additional issue of whether Plaintiff has stated any § 1983 claim or violation of his constitutional rights by Judge Craig.